IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY WHITNEY NORMAN, <br> TDCJ-CID # 1718789, <br><br> Petitioner, <br><br> v. <br><br> RICK THALER, <br><br> Respondent. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. H-13-0290 |

**MEMORANDUM OPINION AND ORDER**

Pending before this court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by Anthony Whitney Norman, an inmate of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID). After reviewing the pleadings and available state court records, the court will dismiss Norman's habeas petition because he has failed to exhaust state court remedies as required by § 2254.

**I. Claims and Procedural History**

Norman is serving a twenty-two year sentence pursuant to a 2011 murder conviction. See Petition, Docket Entry No. 1, at 1. The Court of Appeals for the Fourteenth District of Texas affirmed the trial court's judgment. Norman v. State, No. 14-11-00433-CR, 2012 WL 4163498 (Tex. App. - Houston [1st Dist.], 2012). Norman asserted the following claims on direct appeal:

(1) the evidence was legally insufficient to support the conviction,

    (2) the indictment was based on improper grand-jury proceedings,

    (3) he was denied his choice of counsel,

    (4) the trial court erred by denying his motion to suppress,

    (5) the prosecutor committed misconduct, and

    (6) the trial court committed various "judicial errors."

Norman, 2012 WL 4163498, *1.

Liberally construed, his federal habeas petition presents the following grounds for relief: there was insufficient evidence to support the conviction; improper grand jury proceedings; there was evidence to support an alibi defense; the state lied to the grand jury; the state withheld exculpatory evidence; the indictment was obtained by fraud; the petitioner was denied his choice of counsel; the petitioner was forced to testify against himself in violation of Miranda v. Arizona; and illegal recordings were introduced into evidence.[1]  Norman states that the pending federal petition presents for the first time his argument that the Fourteenth Court of Appeals found that there was sufficient evidence to uphold the conviction without citing the evidence and that the Fourteenth Court of Appeals refused to allow him to amend or supplement his appellate brief.

---

[1] Norman also argues that he is actually innocent of the crime; however, actual innocence is not an actionable ground for habeas relief without a showing of an independent constitutional violation occurring in the underlying state criminal proceeding. Herrera v. Collins, 113 S.Ct. 853 (1993).

2

Norman previously filed a section 2254 habeas petition, which was dismissed for failure to exhaust state court remedies. See Norman v. Thaler, No. H-12-3717 (S.D. Tex. Jan. 2, 2013) (noting that the Texas Court of Criminal Appeals had struck Norman's petition for discretionary review for failure to comply with the court's orders and dismissed his state application for habeas relief because his direct appeal was pending). After the order of dismissal in H-12-3717, the Court of Criminal Appeals denied Norman's Petition for Discretionary Review on February 6, 2013. Norman, 2012 WL 4163498 [Westlaw History]. No subsequent habeas challenges or any other actions have been decided on or disposed of by the Court of Criminal Appeals. See Texas Judiciary Online Website, http://www.courts.state.tx.us/.

## II. Analysis

Under 28 U.S.C. § 2254, a habeas petitioner must exhaust available state remedies before seeking relief in the federal courts. See Nobles v. Johnson, 127 F.3d 409, 419-420 (5th Cir. 1997). To exhaust his state remedies the petitioner must fairly present the substance of his claims to the state courts, and the state's highest criminal court must have an opportunity to review the merits of the claims. Id. citing Picard v. Connor, 92 S.Ct. 509, 512-13 (1971); Myers v. Collins, 919 F.2d 1074, 1076 (5th Cir. 1990). In Texas a petitioner satisfies this requirement by

3

properly filing a PDR with the Texas Court of Criminal Appeals or, in a post-conviction matter, by filing a state application for a writ of habeas corpus in state district court, under TEX. CODE CRIM. PRO. art. 11.07, which forwards the application to the Court of Criminal Appeals. See Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985). The fact that an appeal has "been through" the state court system is not enough to satisfy the exhaustion requirement; the highest court must have a reasonable opportunity to consider the merits of the claims presented in a federal habeas petition. Picard, 92 S.Ct. at 512.

Norman contends that the Texas appellate courts have denied him due process, but no post-conviction application raising this claim has been substantively reviewed in the state courts. Although Norman has exhausted some of the claims raised in his federal habeas petition, the court must dismiss it because not all of the claims have been exhausted. Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998), citing Rose v. Lundy, 102 S.Ct. 1198 (1982). Since his direct appeal is no longer pending, Norman may satisfy the exhaustion requirement by properly submitting a state habeas application under TEX. CODE CRIM. PRO. art. 11.07. Richardson, 762 F.2d at 432. Norman may file another habeas petition in federal court after he has satisfied the exhaustion requirement; however, the court advises Norman that he is subject to a one-year statute of limitations under 28 U.S.C. § 2244(d).

A district court is authorized to dismiss a federal habeas petition that reveals either on its face, or when considered with material of which court takes judicial notice, that requirement of exhaustion of state remedies has not been satisfied. <u>Resendez v. McKaskle</u>, 722 F.2d 227 (5th Cir. 1984). Accordingly, this action will be dismissed, without prejudice, for failure of the petitioner to present his claims to the Texas Court of Criminal Appeals as required by 28 U.S.C. § 2254.

Should Norman file a notice of appeal, this court denies the issuance of a Certificate of Appealability for the reasons stated in this Memorandum Opinion and Order. 28 U.S.C. § 2253; <u>Murphy v. Johnson</u>, 110 F.3d 10, 11 (5th Cir. 1997).

### III. Conclusion

The Court **ORDERS** the following:

1. The Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DISMISSED** without prejudice for failure to exhaust state court remedies.

2. A Certificate of Appealability is **DENIED**.

3. The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

4. The Clerk will provide a copy of this Memorandum Opinion and Order to the petitioner, and will provide a copy of the petition and this Memorandum Opinion and Order to the

respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 11th day of February, 2013.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE